FILED
APR 15 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLAKE LEON ADMIRE,

        Petitioner,

v.

RICK COURSEY, Superintendent,
Eastern Oregon Correctional Institution,

        Respondent.

Civil No. 09-554-AC

FINDINGS AND RECOMMENDATION

AMY BAGGIO
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On November 13, 2002, a Lane County grand jury indicted Petitioner on a charge of murdering his mother. Petitioner waived his right to a jury trial and pleaded guilty. At the plea hearing, Petitioner affirmed to the trial court that "on or about November 5, 2002, in Lane County, Oregon [he] did unlawfully cause the death of Christine Jeanne Admire, another human being, contrary to statute and against the peace and dignity of the State of Oregon." Resp. Exh. 103, p. 12. The trial judge sentenced Petitioner to life in prison with a minimum of 25 years without the possibility of parole, which was the mandatory minimum sentence under Or. Rev. Stat. §§ 163.115 and 137.700.

Petitioner directly appealed his sentence. The Oregon Court of Appeals affirmed without opinion. Petitioner did not petition the Oregon Supreme Court for review. The appellate judgment was entered February 24, 2005.

On April 21, 2006, Petitioner filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner did not timely appeal, but sought leave to file a late appeal. The Oregon Court of Appeals denied the motion for leave to file a delayed notice of appeal, but provided leave to renew the motion upon a showing the appeal presented a colorable claim of error. Petitioner did not renew his motion for leave to file

a delayed appeal, and the Oregon Court of Appeals dismissed the case. The appellate judgment was entered August 15, 2008.

On May 19, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Petitioner alleges one claim for relief, that he is actually innocent because he pleaded guilty without knowing or understanding the word "intentional."

Respondent contends the Petition for Writ of Habeas Corpus should be denied as untimely. Petitioner concedes the Petition for Writ of Habeas Corpus was not timely filed, but argues the limitations period should be equitably tolled due to his "actual innocence," because he was intoxicated at the time of the crime and did not have the necessary intent to support a conviction of murder.

## DISCUSSION

On April 23, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposed a one-year limitation period on habeas petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Petitioner contends the "actual innocence" gateway under *Schlup v. Delo*, 513 U.S. 298 (1995) may be applied to excuse his failure to file within the limitation period.

Under *Schlup*, a federal habeas petitioner whose claims are procedurally defaulted under state law may nonetheless have those claims considered on the merits if the case falls within the narrow class of cases "implicating a fundamental miscarriage of justice." *Schlup*, 513 U.S. at 315. To establish "actual innocence" under *Schlup*, a petitioner must show that a constitutional violation occurred that "has probably resulted in the conviction of one who is actually innocent." *Id.* at 326-27 (citation omitted). The petitioner must "persuade the district court that, in light of the new

3 - FINDINGS AND RECOMMENDATION -

evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

Neither the Supreme Court or the Ninth Circuit has as yet decided whether the *Schlup* actual innocence exception may be invoked to override the one-year habeas limitation period. *Nordlof v. Clark*, 2010 WL 761294, at *10 (N.D. Cal. 2010); *Majoy v. Roe*, 296 F.3d 770, 776 (2002). Assuming it does so, Petitioner has not satisfied the *Schlup* standard here.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner's argument here amounts to one of legal insufficiency. *See Veraha v. Mills*, 2009 WL 650622 *2 (D. Or. 2009) (petitioner's argument that, although he fired bullets at the victims, he was not guilty of Attempted Murder or Attempted Assault because he did not intend to kill or cause serious injury "amounts to one of legal insufficiency," not factual innocence). Petitioner contends that, because he lacked the necessary intent to be found guilty of Murder, his guilty plea was invalid. Petitioner does not allege he is factually innocent; *i.e.*, that he did not shoot his mother. Instead, his argument rests upon his assertion that he was intoxicated and angry when he fired the gun, and did not actually intend to kill her.

Even if Petitioner's claim amounted to more than an argument pertaining to legal sufficiency, he cannot demonstrate that no reasonable juror would have voted to convict him. A juror may not believe Petitioner's self-serving recantation, which has not been subject to cross-examination at trial. *See Smith v. Baldwin*, 510 F.3d 1127, 1141 (9th Cir. 2007) (for purposes of actual innocence, court need not assume every reasonable juror would believe recanting statements). Moreover, the evidence indicated Petitioner shot his mother five times in the back at

4 - FINDINGS AND RECOMMENDATION -

close range, and that several other firearms were discovered at the scene. Finally, Petitioner's own psychologist concluded Petitioner did not suffer from any psychological disability, was of normal intelligence, had a good ability to communicate via sign language, was not in the grip of an extreme emotional disturbance or under the influence of intoxicants when he shot his mother but "rather did so in the grip of anger and with cold reason." Resp. Exh. 114 at p. 4. In light of the evidence, the court cannot conclude that no reasonable juror would have convicted Petitioner of murder, and Petitioner cannot pass through the actual innocence gateway to pursue his untimely habeas petition.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment of DISMISSAL should be entered. Should Petitioner appeal, a certificate of appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due April 30, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

5 - FINDINGS AND RECOMMENDATION -

A party may respond to another party's objections within 14 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 15th day of April, 2010.

                             John V. Acosta
                             United States Magistrate Judge